**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Angel Raymundo CRUZ, also known
as Angel Varelas Gutierrez,
Defendant–Appellant.**

**No. 12–50147
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2012.

Joseph H. Gay, Jr., Assistant U.S. At-torney, U.S. Attorney's Office, San Anto-nio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Donna F. Coltharp, Assistant Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Angel Raymundo Cruz appeals from the sentences imposed for his guilty plea convictions for attempted illegal reentry and for false personation in immigration matters. The district court sentenced him to concurrent, within-guidelines terms of 27 months of imprisonment and did not impose a term of supervised release. Cruz challenges the substantive reasonableness of the sentences, arguing that his sentences are unreasonable because they are greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and resulted in the double counting of a prior drug conviction. He argues, in reliance on *Kimbrough v. United States,* 552 U.S. 85, 109–10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.2009), and he raises the argument to preserve it for possible review by the Supreme Court. He further asserts that the guideline range overstated the seriousness of the offense and failed to account for his benign motive for reentering.

Cruz's argument that his guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of double counting is unavailing. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir. 2009). In addition, the district court heard Cruz's statement concerning his cultural assimilation and reasons for reentering the United States before imposing a sentence within the advisory guideline range. The district court considered the statutory sentencing factors in § 3553(a) prior to imposing a sentence within the Guidelines. Cruz's within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States,* 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). He has failed to show that the presumption should not apply. The district court did not abuse its discretion in imposing a sentence within the advisory guideline range. *See Gall v. United States,* 552 U.S. 38, 50–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.